TIM DWYER

VS

F.C.DOREDANT

NO.8545

CHARLES F.CLAIBORNE, Judge

December 11th 1922

245

Charles F. Claiborne, Judge

This is a suit upon a promissory note for $250 made by defendant, dated June 10" 1921, and payable one hundred and eighty days after date. The defense is that by authentic act dated June 10th 1921, the plaintiff herein Tim Dwyer sold to the defendant herein F.C. Doredant, an undivided half interest of "The Southern Garage Company " including the tools and materials belonging to said Company and one Studebaker Automoblie and everything belonging to and used in connection with said business; of all of which the purchaser, Doredant, acknowledged delivery and possession; that said business was owned by the plaintiff and the defendant, and by this sale the defendant became the sole owner of all the articles hereinabove mentioned; that said sale was made for $1000, of which $500 was paid cash and for the balance of the purchase price Doredant the defendant, made two promissory notes, each for the sum of $250 dated June 10th 1921, the first payable ninety days, and the second one hundred and eighty days, from date with interest and etc: that the note in this suit is the second maturing note hereinabove mentioned; that the automobile sold by the above act has been in the possession of Tim Dwyer, plaintiff since June 10th 1921 and is in his possession at the present time, and that he refuses to deliver possession of it to the defendant; that said automobile has a value of $750, which defendant pleads in compensation and reconvention.

There was judgment in favor of plaintiff, and against the defendant rejecting his reconventional demand and defendant has appealed.

The only question in the case therefore is, was the car delivered to defendant, and in whose possession is it now?

246

The testimony on behalf of the plaintiff is, that at the time of the sale, the car was in the garage sold, and that the defendant, shortly after, delivered it to Emile J. Partmentel a former employee of the Southern Garage Company, for repairs, and that he still detains the same on a claim of repairs.

The defendant admitted that the car was in the garage at the time of the sale. That, in itself, amounted to delivery under the law-C.C.2478 (2453).

After the sale he saw Partmentel take the car out in company with Dwyer. Partmentel was driving and defendant knew that Dwyer did not know how to drive.

He denied that he had authorized Partmentel to take the car out or to make repairs to it.

The real contest in this case therefore seems to us to be between Doredant and Partmentel, and to turn upon the question whether Partmentel was authorized to take the car and make repairs to it. But far from proving that plaintiff was in possession of the car" it shows that Partmentel had it.

Plaintiff saw and knew that, after the sale, Partmentel had taken the car out of the garage along with his uncle, Tim Dwyer;

When the car did not return, it would have been easy for defendant to have ascertained who had the car. He made no proper efforts to recover it. This would corroborate Partmentel's testimony that he held the car, with defendant's consent, to make repairs to it. While this suit is upon the second note at 180 days the presumption is that defendant paid the first note at ninety days. The defense that he sets up to the payment of this second note existed at the time of the maturity of the first note. Why should he have paid then, and not now? One thing is certain, and that is, that defendant has failed to make out either of his defenses, either that the car had not been delivered to him, or that the plaintiff had the car in his possession.

The evidence is uncontradicted that Partmentel has had the car in his possession ever since he took it out after the sale.C.C.2232 (2229).

The judgment of the trial Court is therefore affirmed.

December 11th 1922.